IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA MOSES HELLON,

    Petitioner,                     No. CIV S-07-1816 LKK EFB P

    vs.

T. FELKER, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the August 29, 2007, petition. Respondents move to dismiss this action upon the ground it is untimely. For the reasons explained below, the court finds that respondents' motion must be denied.

**I.    Procedural History**

    On November 19, 2003, petitioner was convicted of possessing precursors to methamphetamine with the intent to manufacture and evading an officer.[1] Resps.' Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc."), 1, at 14. He appealed, and the judgment was affirmed. Lodg. Doc 2. Petitioner sought review in the California Supreme Court, which

---

[1] It appears that this conviction arose from charges made in distinct cases, which then were consolidated.

1

was denied on August 10, 2005. Lodg. Doc. 3. Petitioner had some difficulty in the process of seeking state post-conviction review and it is the period of time it took him to overcome that difficulty that forms the issue raised on this motion; i.e. whether there was an unexplained or unjustified period of unreasonable delay in applying to the state appellate court for habeas relief.

On June 1, 2006, petitioner filed an application for a writ of habeas corpus in the trial court.[2] Lodg. Doc. 4, at 1. That court found that petitioner failed to state a prima facie case for relief and denied the writ on June 13, 2006. *Id.*, at 92. On July 21, 2006, petitioner submitted to the appellate court a habeas petition. This petition would have been timely. However, in the title to that petition the petitioner erroneously referred to the appellate court as the supreme court. Pet'r Opp'n, at 2 & Exh. B. This is the point at which petitioner's efforts to timely pursue state habeas relief became derailed.

Two days later, on July 23, 2006, petitioner was placed in administrative segregation on a charge of drug possession, and his personal property--including his legal papers--were confiscated. Pet'r Opp'n, at 2 & Exh. A; Resps.' Reply, Exh. A. The next day, on July 24, 2006, the state appellate court mailed his habeas petition back to him, apparently because it had the wrong name of the court in the title. Pet'r Opp'n, at 1 & Exh. C.

On August 16, 2006, while he was still in administrative segregation, petitioner requested that his legal materials be returned to him. Resps.' Reply, Exh. B. They were not. Respondents have submitted evidence that prison officials attempted to provide these materials, but the papers were not in the envelopes where they should have been. *Id.* It is not clear when, but petitioner wrote to the appellate court for guidance about when to file a habeas petition. Pet'r Opp'n, Exh. D. In an August 23, 2006, letter to petitioner, the court declined to give legal advice, but sent to

---

[2] For each date petitioner filed a habeas petition in state and in federal court, the court deems the petition filed the date reflected on the certificate of service. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

2

him a blank form petition for a writ of habeas corpus. *Id.* Around August 25, 2006, petitioner received from the trial court a copy of the habeas petition he had filed there. Pet'r Opp'n, Exh. D-1. At some point, although the date is not clear from the record, petitioner had filed a grievance about his legal material, as evidenced by prison staff having rejected such an appeal on September 12, 2006.[3] Resps.' Reply, Exh. C.

Petitioner finally filed a habeas petition in the appellate court on September 28, 2006. Lodg. Doc. 5, at 1. This petition was nearly identical to the one filed in the trial court, the only difference being that petitioner added a claim that appellate counsel was ineffective. He explained the delay in filing by asserting that he was housed in a maximum security prison and that prison lockdowns and his employment had limited his access to the law library. Lodg. Doc. 5, at 10. He explained that his work hours usually preempted his ability to gain access to the law library, especially in light of the number of prisoners seeking such access. *Id.*, at 11. On October 19, 2006, the appellate court denied relief without explanation or citation. *Id.*, at 108.

On October 31, 2006, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. Lodg. Doc. 6, at 1. It was identical to the petition he filed in the appellate court. On May 9, 2007, the California Supreme Court denied relief. *Id.*, at 27.[4]

On May 15, 2007, petitioner wrote a letter to this court, explaining that the time for filing a federal habeas soon would expire but he was having difficulty gaining access to his legal materials because he was in administrative segregation, where he had been housed since July 23, 2006. Pet'r Opp'n, at 2.

Petitioner was released from administrative segregation on July 9, 2007. *Id.* He sought an extension of time to file his federal petition. Resps.' Reply, Exh. D. Since no federal petition was pending and petitioner essentially sought an order extending the limitations period, on July

---

[3] Petitioner had not attempted to resolve the matter informally.

[4] Since respondents lodged only a copy of a computer-generated page of a docket sheet, there is no evidence of the basis for this denial.

3

11, 2007, this court denied the request and directed the clerk of the court to close the case. Resps.' Reply, Exh. E; Pet'r Opp'n, Exh. F. Petitioner persisted, filing two more requests for extensions of time in this court, one on June 6, 2007, and the other on July 11, 2007. Resps.' Reply, Exhs. F, G.

On August 29, 2007, petitioner filed his federal application for a writ of habeas corpus.

## II. The Statute of Limitations

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The judgment on direct review becomes final when the 90-day limit for filing a petition for certiorari expires. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The period is not tolled "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). The period is tolled once a petitioner properly files a state post conviction application, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

A court may grant equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). "When external forces,

rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). These circumstances must actually cause the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

**III. Analysis**

Respondents assert that the petition is untimely. In particular, they argue that petitioner is not entitled to statutory tolling for the interval between the trial court's denial of habeas relief and petitioner's filing of a new petition in the appellate court. Petitioner asserts that he is entitled to statutory or equitable tolling adequate to render this action timely. As discussed below, if tolling applies the petition is not late.

**A. Finality of the Conviction**

The starting point for the timeliness analysis is the date that the conviction became final on direct review. Under Ninth Circuit precedent, this was November 8, 2005, i.e., 90 days after the California Supreme Court denied the petition for review. *See Bowen*, 188 F.3d at 1159. Thus, petitioner had until November 8, 2006, to file his federal application. However, respondents concede that he is entitled to statutory tolling for the 13 days his petition was before the trial court which extends the filing due date to November 16, 2007. Respondents also concede that the petitioner would be entitled to tolling for the 224 days that the petitioner's habeas application was before the appellate court, the interval between that court's denial of relief and petitioner's filing a new petition in the California Supreme Court, and until relief was denied on this last petition.

A total of 342 days elapsed from the time he filed his habeas petition in the trial court until the time the California Supreme Court denied relief. If he is entitled to tolling for this entire period, then he did not have to file his federal petition until October 16, 2007, and the August 29, 2007, petition was filed 48 days before the limitations period expired. However, respondents argue that the petitioner unduly delayed in filing his state appellate court petition

and therefore no properly filed petition was "pending" beyond the trial court's denial of relief.

**B. Tolling**

Respondents challenge petitioner's entitlement to tolling for the 107 days, i.e., 3 ½ months, between the trial court's denial of habeas relief and when the petitioner filed a new petition in the appellate court. The federal limitations period is tolled for the time during which a "properly filed" state post-conviction application is "pending," which in California can include the intervals between the denial of relief in one court and the filing of a new petition in a higher court. *See Saffold v. Carey*, 536 U.S. at 223. The United States Supreme Court has made clear that a post-conviction motion that is untimely under a State's rules is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Carey v. Saffold*, 536 U.S. 214, 226 (2002) (remanding to Ninth Circuit to determine whether petition filed in the California Supreme Court within a "reasonable time," thereby making it timely under California law). The Supreme Court has also instructed that if a California court were clearly to rule that a delay in filing is unreasonable, "that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its untimeliness ruling was 'entangled' with the merits." *Saffold*, 536 U.S. at 226. Whether a petition is properly filed in California, however, is frequently a perplexing problem. California has no clear rule governing the time for filing post-conviction motions. Instead, a state petition is considered timely if filed within a "reasonable time." *Saffold*, 536 U.S. at 221; *In re Harris*, 855 P.2d 391, 398 n.7 (Cal. 1993) (habeas petition "must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim."). Further exacerbating the problem is that California courts give little guidance on what constitutes a reasonable time.

////

////

////

In recognition of the lack of clarity from the California courts, the United States Supreme Court has instructed the lower federal courts as follows:

> In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, the [lower federal courts] must [themselves] examine the delay in each case and determine what the state courts would have held in respect to timeliness. That is to say, without using a merits determination as an "absolute bellwether" (as to timeliness), the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a "reasonable time."

*Chavis*, 546 U.S. at 198.[5] Grappling with the ambiguity in California's post-conviction system, the Supreme Court considered whether an unexplained delay of 6-months could be reasonable under that system. The Court held that the unexplained delay of six months will not toll the limitations period under § 2244(d)(2).

> We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in *Saffold*.

*Chavis*, 546 U.S. at 201.[6]

Here, in spite of the absence of any useful guidepost, this court must first address the question of whether the application that petitioner filed in the state appellate court was timely.

////

---

[5] The "bellwether" to which the court refers are the words "on the merits," when a denial of habeas relief in a California Court is "on the merits and for lack of diligence." *Id.* at 194; *Saffold*, 536 U.S. at 225. This is so because a court might decide to "address the merits of a claim that it believes was presented in an untimely way: for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court wishes to show a prisoner (who may not have a lawyer) that it was not merely a procedural technicality that precluded him from obtaining relief." *Saffold*, 536 U.S. at 225-26.

[6] One California appellate court has since found, in the context of a challenge to a decision of the Board of Prison Terms finding a prisoner not suitable for parole, that as a matter of law an unrepresented prisoner's seemingly unjustified 10-month delay in filing a habeas petition in the appellate court after the Superior Court's denial of a similar petition was reasonable. *In re Burdan*, 169 Cal.App.4th 18, 31 (Cal. App. 2008).

The specific time period in dispute is the 3 ½ months between the trial court's denial of habeas relief and the date petitioner filed his corrected petition in the appellate court. Respondents fault him for the 107 days it took to finally get the redrafted petition filed. But the court cannot, as respondents seem to suggest, ignore that petitioner did not simply sit idle and do nothing during this time period. Rather, he appears to have been doing what he could under the circumstances to promptly file his petition. The state trial court denied his petition on June 13, 2006. Petitioner mailed his petition to the appellate court on July 21, 2006. That court sent the habeas petition back to the petitioner on July 24, 2006, but the day before (July 23) petitioner was placed in administrative segregation and all of his legal papers were confiscated. Significantly, while he was confined in administrative segregation he persistently attempted to get his papers back. He also wrote to the appellate court about his circumstances, he made requests to the prison officials that his papers be returned, and when they were not he even filed a grievance over the matter. The prison records reflect that when prison officials attempted to return the papers, they were not in the envelope that they were supposed to have been. Finally, on August 25, 2006, through his own efforts, petitioner obtained from the trial court a copy of the habeas petition filed in that court. Shortly thereafter, on September 28, 2006–eleven days after his grievance over his missing legal papers was rejected, petitioner filed his corrected petition in the California appellate court.

It simply is not possible to construe these facts as manifesting a lack of diligence on the part of the petitioner. Respondents fault him because his attempts focused on obtaining a copy of the petition he filed in the trial court. No doubt a lawyer would have done better. But petitioner is not an attorney. He also was not at liberty. Nor did he have his legal papers. However, under the circumstances he appears to have done what he could.

Respondents point out that the petitioner was placed in administrative segregation for his own misbehavior. While the point is taken, it is also fundamentally true that prisoners may challenge their convictions even if they misbehave in prison. This fact does not show that

8

petitioner was not attempting to file his petition. Furthermore, the court cannot ignore the fact that he first mailed his petition to the state appellate court approximately 38 days after the trial court denied relief and in a manner that was timely under any means of calculation. Had that filing date been protected, rather than the petition simply mailed back as though petitioner had made no effort there would be no dispute. But for the mistake in the caption, the mailing of the petition was timely. Once petitioner realized his error he was in administration segregation and without his papers, but he repeatedly attempted to address it.

Furthermore, respondents' reliance on *Chavis* does not alter the analysis. As a threshold matter, the time frame noted in *Chavis* was an unexplained delay of 6 months. This dispute involves nearly one-half that amount of time. Secondly, this is by no means a case of unexplained delay. The record rather plainly explain the delay. Finally, nothing in *Chavis* supports the argument that this court should not consider the explanations and evidence petition submits in response to the motion if they were not presented in the state petition. Respondents contend that because the Court in *Chavis* directed the lower federal courts to determine "what the state courts *would have held* in respect to timeliness," *Chavis*, 546 U.S. at 198, any explanations offered now that were not presented to a state court cannot be considered. The passage from which respondents quote does not suggest that the United States Supreme Court meant to restrict the lower federal courts' authority to accept evidence on the issue. It merely iterates what the Court said in *Saffold*, i.e, for lower federal courts to make a determination that the California courts ought to have made clear in the first place, they must look to California law. *Saffold*, 536 U.S. at 223 ("Ordinarily, for purposes of applying a federal statute that interacts with state procedural rules, we look to how a state procedure functions, rather than the particular name that it bears."). But nothing in *Chavis* prevents this court from considering the additional facts presented by petitioner to explain what happened when he attempted to timely file in the state appellate court. Thus, this court may consider all the facts before it, including
////

those asserted for the first time in this proceeding, to determine whether the federal application is timely.[7]

Accordingly, it is hereby RECOMMENDED that:

1. Respondents' March 3, 2008, motion to dismiss this action as untimely be denied;

2. Respondents be given 30 days to file an answer to the petition and be directed that any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Fed. R. Governing § 2254 Cases; and,

3. Petitioner be given 30 days after service of an answer to file his reply.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 12, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[7] California might be dissatisfied with the prospect of the federal courts gathering evidence bearing on a matter of state law and generating precedent on it. But the necessity of the federal courts doing so is occasioned only by the fact that the state courts have not done so. What is clear from *Chavis* is that the federal courts will venture into this territory only if the state courts have failed in this regard. Indeed, the Untied States Supreme Court has not hesitated to invite California to enact decipherable standards, or at least to make specific findings concerning timeliness in each case. *See Chavis*, 546 U.S. at 199. Similarly, the Ninth Circuit has determined that the district courts are without any meaningful California precedent or standards to apply when confronted with this issue. *See Chaffer v. Prosper*, 542 F.3d 662, 663 (9th Cir. 2008). It therefore certified to the California Supreme Court the question of whether "substantial delay" is any delay that exceeds 60 days after the denial of a habeas by a state court. *Id.*